UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY      10 APR 14  8:10:24
CIVIL DOCKET FOR CASE# 1:10-CV-01621-JBS

DANIEL F. FLYNN
40 HICKORY COURT
MARCO ISLAND, FL 34145
239-389-0813

IN RE: U.S BANKRUPTCY COURT, 09-20417
CAUSE: 28:1334 BANKRUPTCY APPEAL

IN RE:

DANIEL F. FLYNN
     DEBTOR-APPELLANT

V.

APPELLEE
BRIAN S.THOMAS                        REPRESENTED BY:
                                      LAWRENCE LESNIK, ESQUIRE


SAID APPEAL WAS FILED FEBRUARY 25, 2010. I DID NOT RECEIVE A
DOCKET # UNTIL THIS WEEK. THE DATE FILED IS NOTED AS MARCH 31,
2010. IN THE ATTACHMENT TO MY NOTICE OF APPEAL I REFER TO MY
APPEAL DATED JANUARY 5, 2010. THIS CASE # IS 1:10-cv-00577-JEI. IT IS MY
BELIEF THAT THIS APPEAL WOULD BE ASSIGNED TO JUDGE IRENAS DUE
TO THE EXTENSIVE DOCUMENTATION HE HAD RECEIVED IN SUPPORT OF
THIS APPEAL, INCLUDING SUBSEQUENT FILINGS. JUDGE IRENAS HAD
RECEIVED COURTESY COPIES OF ALL THESE FILINGS, THE APPEAL ITSELF,
PART 2 OF THE APPEAL, ANOTHER DOCUMENT TITLED COUNTER, A THIRD
TITLED ADDENDUM AND A FOURTH TITLED SUPPLEMENTAL. THE FACTS
IN THIS CASE ARE DIRECTLY RELATED TO THE FACTS IN THE CASE
ADDRESSED ABOVE. THE CASE CAN NOT BE GIVEN A FAIR REVIEW IF ALL
OF THESE DOCUCMENTS ARE NOT INCORPORATED. THE APPEAL
DOCUMENTS ARE LISTED IN THE FORM EXHIBITS TO APPEAL DATED
JANUARY 5, 2010. THE SUBSEQUENT DOCUMENTS FILED CONTAIN
RELEVANT INFORMATION NOT AVAILABLE AT THE TIME THE APPEAL
ITSELF WAS FILED. SEVERAL SUBMISSIONS WERE MADE SUBSEQUENTLY
DIRECTLY TO JUDGE IRENAS, THE MOST RECENT ON MARCH 16, 2010.

IT IS THE APPELLANT'S DESIRE FOR DIRECTION. SHALL THE CLERK
SUPPLY JUDGE SIMANDLE WITH THE COPIES FILED WITH JUDGE IRENAS.
SHALL THE APPELLANT COPY JUDGE IRENAS ON FILINGS SUPPLIED TO

JUDGE SIMANDLE. OR WILL THE PRESENT CASE BE TRANSFERREED TO
JUDGE IRENAS AND INCORPORATED INTO THAT PENDING APPEAL. THERE
IS AN ADDITIONAL APPEAL PENDING FOR SANCTIONS AGAINST THE
SHAREHOLDERS THAT DOES NOT INVOLVE THE TRUSTEE. THERE ARE TWO
OTHER MOTIONS THAT WERE DENIED BY JUDGE BURNS BUT NOT
APPEALED. THE CONTENTS OF THESE MOTIONS ARE RELEVANT TO HE
BAD FAITH ISSUES ASSERTED AGAINST THE SHAREHOLDERS AND BURGER
KING CORPORATION, CENTERAL ISSUES IN THE APPEAL OF JANUARY 5,
2010.

DATED:   APRIL 13, 2010

DANIEL F. FLYNN

## Utility Events

1:10-cv-01621-JBS FLYNN et al v. THOMAS

### U.S. District Court

### District of New Jersey [LIVE]

### Notice of Electronic Filing

The following transaction was entered on 3/31/2010 at 2:33 PM EDT and filed on 3/31/2010

**Case Name:**     FLYNN et al v. THOMAS
**Case Number:**   1:10-cv-01621-JBS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Set/Reset Hearings: Bankruptcy Appeal set for 6/21/2010 before Judge Jerome B. Simandle. The Appeal will be decided on the papers. No appearances required unless notified by the Court. (nz, )**


**1:10-cv-01621-JBS Notice has been electronically mailed to:**

LAWRENCE K. LESNIK    lklesnik@nmmlaw.com

**1:10-cv-01621-JBS Notice will not be electronically mailed to::**

DANIEL F. FLYNN
313 GULL ROAD
OCEAN CITY, NJ 08226

## Appeal Documents
1:10-cv-01621-JBS FLYNN et al v. THOMAS

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 3/31/2010 at 2:29 PM EDT and filed on 3/31/2010
**Case Name:**       FLYNN et al v. THOMAS
**Case Number:**   1:10-cv-01621-JBS
**Filer:**             DANIEL F. FLYNN
**Document Number:** 2

**Docket Text:**
**DESIGNATION of Record on Appeal by DANIEL F. FLYNN re [1] Bankruptcy Appeal, Due to the number of documents, parties wishing to review the actual documents listed on the USBC docket sheet should refer to the actual United States Bankruptcy records. At the direction of the Court, the Appellant,DANIEL F. FLYNN, must furnish paper copies of these documents directly to the Chambers of Honorable Jerome B. Simandle U.S. District Judge. These courtesy copies should be clearly marked as "Courtesy Copies" and should contain the U.S. District Court civil docket number. (nz, )**


**1:10-cv-01621-JBS Notice has been electronically mailed to:**

LAWRENCE K. LESNIK    lklesnik@nmmlaw.com

**1:10-cv-01621-JBS Notice will not be electronically mailed to::**

DANIEL F. FLYNN
313 GULL ROAD
OCEAN CITY, NJ 08226

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=3/31/2010] [FileNumber=4102631-0
] [254a7a8c5b6f13ab3b65b9f6e9dbf8666c365d9195706c104e0cf040055070b83ed
43857ee730269c2ba729c71669b2a036e055bfde821ffb2e412f68c959f2a]]

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:10-cv-01621-JBS
### Internal Use Only

FLYNN et al v. THOMAS
Assigned to: Judge Jerome B. Simandle
Case in other court: US BANKRUPTCY COURT, 09-20417
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 03/31/2010
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal (801)
Jurisdiction: Federal Question

**In Re**

**DANIEL F. FLYNN**
*Debtor*

represented by **DANIEL F. FLYNN**
313 GULL ROAD
OCEAN CITY, NJ 08226
PRO SE

**Appellant**

**DANIEL F. FLYNN**

represented by **DANIEL F. FLYNN**
(See above for address)
PRO SE

V.

**Appellee**

**BRIAN S. THOMAS**

represented by **LAWRENCE K. LESNIK**
NORRIS MCLAUGHLIN & MARCUS
PA
721 ROUTE 202-2-6
BRIDGEWATER, NJ 08807
908-722-0700
Email: lklesnik@nmmlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/31/2010 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 09-20417-GMB filed by DANIEL F. FLYNN. Appellant Brief due by 4/14/2010. Pursuant to Federal Bankruptcy Rule 8009, the Appellee's Brief is due within (14) days after service of the brief of appellant. The Appellant may file a Reply Brief which is due within (14) days after the appellee's brief is filed. (Attachments: # 1 Order on Appeal, # 2 Transmittal Letter (nz, ) (Entered: 03/31/2010) |

Case 1:10-cv-01621-JBS   Document 3   Filed 04/14/10   Page 6 of 31

| 03/31/2010 | ☾ 2 | DESIGNATION of Record on Appeal by DANIEL F. FLYNN re 1 Bankruptcy Appeal, Due to the number of documents, parties wishing to review the actual documents listed on the USBC docket sheet should refer to the actual United States Bankruptcy records. At the direction of the Court, the Appellant,DANIEL F. FLYNN, must furnish paper copies of these documents directly to the Chambers of Honorable Jerome B. Simandle U.S. District Judge. These courtesy copies should be clearly marked as "Courtesy Copies" and should contain the U.S. District Court civil docket number. (nz, ) # 1 Counter Designation) (nz, ). (Entered: 03/31/2010) |
| 03/31/2010 | ☾ | Set/Reset Hearings: Bankruptcy Appeal set for 6/21/2010 before Judge Jerome B. Simandle. The Appeal will be decided on the papers. No appearances required unless notified by the Court. (nz, ) (Entered: 03/31/2010) |

# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CIVIL DOCKET FOR CASE #: 1:10-cv-00577-JEI
### Internal Use Only

FLYNN et al v. THOMAS
Assigned to: Judge Joseph E. Irenas
Case in other court: US BANKRUPTCY COURT, 09 20417
GMB
Cause: 28:1334 Bankruptcy Appeal

Date Filed: 02/02/2010
Jury Demand: None
Nature of Suit: 422 Bankruptcy Appeal
(801)
Jurisdiction: Federal Question

**In Re**
**DANIEL F. FLYNN**
*DEBTOR*

represented by **DANIEL F. FLYNN**
313 GULL ROAD
OCEAN CITY, NJ 08006
609-398-1648
PRO SE

**Appellant**
**DANIEL F. FLYNN**

represented by **DANIEL F. FLYNN**
(See above for address)
PRO SE

V.

**Appellee**
**BRIAN S. THOMAS**

represented by **LAWRENCE K. LESNIK**
RAVIN GREENBERG, PC
101 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 226-1500
*ATTORNEY TO BE NOTICED*

ATTACHED ARE COPIES
1 HRE 1 GOT IT RIGHT

| Date Filed | # | Docket Text |
|---|---|---|
| 02/02/2010 | 1 | Notice of APPEAL FROM BANKRUPTCY COURT. Bankruptcy Court case number 09 20417 GMB. File received, filed by DANIEL F. FLYNN. Appellant Brief due by 2/17/2010. Pursuant to Federal Bankruptcy Rule 8009, the Appellees Brief is due within (14) days after service of the brief of appellant. The Appellant may file a Reply Brief which is due within (14) days after the appellees brief is filed. Bankruptcy Appeal deadline set for 3/16/2010. The Appeal will be decided on the papers. No appearances required unless notified by the Court. (Attachments: # 1 Order on Appeal, # 2 Transmittal Letter)(nz, ) (Entered: 02/04/2010) |

| 02/02/2010 | 2 | DESIGNATION of Record on Appeal by DANIEL F. FLYNN re 1 Bankruptcy Appeal, Due to the number of documents, parties wishing to review the actual documents listed on the USBC docket sheet should refer to the actual United States Bankruptcy records. At the direction of the Court, the Appellant, Daniel F. Flynn, must furnish paper copies of these documents directly to the Chambers of Honorable Joseph E. Irenas U.S. District Judge. These courtesy copies should be clearly marked as "Courtesy Copies" and should contain the U.S. District Court civil docket number. (Attachments: # 1 PART 2 OF MAIN DOCUMENT, # 2 Counter Designation, # 3 Designation Addendum, # 4 Supplemental Designation)(nz, ) (Entered: 02/04/2010) |
|---|---|---|
| 02/02/2010 | | Set/Reset Hearings: Bankruptcy Appeal set for 3/16/2010 before Judge Joseph E. Irenas. (nz, ) Modified on 2/4/2010 (nz, ). (Entered: 02/04/2010) |
| 02/02/2010 | | Clerk's Note: The Bankruptcy Appeal will be decided on the papers. No appearances required unless notified by the Court. (nz, ) (Entered: 02/04/2010) |

02/04/2010 12:51 PM

TO:     JUDGE JOSEPH IRENAS

FROM:  DANIEL F. FLYNN

DATE:  MARCH 16, 2010

RE:     ASSIGNMENT TO IRREVOCABLE TRUST

DEAR JUDGE IRENAS,

I WAS GOING THROUGH MY DOCUMENTS AND I LOCATED THE ATTACHED. THE FIRST IS A LETTER FROM THE FIRM, FOX, ROTHSCHILD ACKNOWLEDGING THE ASSIGNMENT OF THE BUSINESS ENTITES TO THE LIVING TRUST.

THE SECOND DOCUMENT IS AN ASSIGNMENT FROM THE LIVING TRUST TO THE IRREVOCABLE TRUST DATED DECEMBER 30, 2005. THE PERSON WHO NOTARIZED IT IS A WELL KNOWN BANK EMPLOYEE. I HAVE ATTACHED THE FAX CONFIRMATION THAT THIS WAS EXECUTED AND RETURNED TO MR. JANEIRO, OUR TRUST ATTORNEY.

THIS HAS A DIRECT BEARING ON MY APPEAL STATING THAT THE TRUSTEE HAD NO AUTHORITY TO SIGN THE DOCUMENTS AND SATISFY THE MORTGAGES AS HE DID IN JANUARY, 2010. I PRESENTED A GREAT DEAL OF INFORMATION TO CONFIRM THE BAD FAITH ON THE PART OF THE SHAREHOLDERS AND ON THE PART OF BURGER KING CORPORATION IN CAUSING THIS TO COME ABOUT, DESPITE THE INHERENT BIAS IN AN INSIDER DEAL, EXCLUDING LEGITIMATE THIRD PARTY BUYERS. THESE THIRD PARTY BUYERS ARE STILL WAITING IN THE WINGS, NEEDING AN ACKNOWLEDGEMENT THAT BURGER KING CORPORATION WILL NOT BE OFFENDED.

THE SHAREHOLDERS DENIED ME MY EQUITY IN THE BUSINESS BY MISREPRESENTING THE LEASEHOLD DEBTS AND THE MAINTENANCE REQUIRED. THE MORTGAGES I HAD RECORDED TO MEMORIALIZE THE FUNDS THAT I HAD LENT TO THE BUSINESS WERE MY ONLY MEANS OF RECOVERING ANY FUNDS FROM A TEN MILLION DOLLAR BUSINESS.

TO RECAP, THE ACCOUNTANT, LAMB, DID NOT PREPARE ANY ACCOUNTING RECORDS FOR A PERIOD OF AT LEAST SEVEN YEARS. HE USED ONE ENTITY TO CLOAK THE INACCURACIES IN THE INFORMATION. DESPITE ENTERING HUNDREDS OF ADJUSTING ENTRIES BETWEEN THE OPERATING COMPANIES, THE BALANCE SHEET OF THIS ENTITY, D. F. FLYNN ENTERPRISES, INC., NEVER CHANGED. THE ACCOUNTING RECORDS BECAME SO OUT OF SYNC THAT THERE WAS A "CONFLICT" BETWEEN THE

PROFIT AND LOSS, WHICH ACCURATELY REPORTED THE REVENUES AND EXPENSES, AND THE CASH POSITION (OR LACK OF CASH). THIS COULD NOT BE RECONCILED BECAUSE THE ACCOUNTANT HAD NOT PRODUCED ANY CONVENTIONAL FINANCIAL PRODUCTS THAT WOULD ALLOW YOU TO CONDUCT AN AUDIT OR A FORENSIC AUDIT. THE SHARHLDERS REFUSE TO ACKNOWLEDGE THE ACCOUNTING DEFICIT AND ALLEGE THAT I AM GUILTY OF MISMANGEMENT. BUT THERE IS NO EVIDENCE OF MISMANAGMENT. ALL MY RATIOS ARE PROPER AND THERE IS A SUBSTANTIAL PROFIT REPORTED (EXHIBIT A OF APPEAL). I HAVE BEEN A FRANCHISEE FOR TWENTY YEARS AND HAVE ALWAYS HAD AN EXCELLENT RELATIONSHIP WITH BURGER KING CORPORATION. THEY OFTEN BROUGHT EXECTIVES TO MY STORES BECAUSE OF THE QUALITY OF CONSTRUCTION, THE CLEANLINESS AND THE QUALITY OF MY STAFF. BURGER KING INVITED ME AS ITS GUEST TO THE 2007 MASTERS GOLF TOURNAMENT. THIS HONOR IS RESERVED FOR ONLY THE BEST FRANCHISEES.

MR. LAMB IS A DEVIOUS, BEHIND THE SCREENS MANIPULATOR. HE IS BEHIND THIS WHOLE MATTER. INSTEAD OFA DOING HIS JOB, HE CULTIVATED THE OTHER SHAREHOLDERS TO BELIEVE THAT I WAS ENRICHING MYSELF AT THEIR EXPENSE. THERE IS NO EVIDENCE TO SUPPORT THIS; TO THE CONTRARY, THERE IS SIGNIFICANT FACTUAL EVIDENCE THAT I SUPPORTED THE ENIGMA IN THE CASH FLOW BY RETURNING MY LIQUID ASSSETS AND USING MY PROPERTY AS A SOURCE OF FUNDING, CREATING THE DEBT THAT THE BUSINESS OWED ME. MR.LAMB WOULD PRINT SCHEDULES THAT SHOWED A GROSS AMOUNT THAT I RECEIVED BUT HE WOULD OMIT THE MONEY I LENT BACK, EXAGGERATING THIS ASPECT.

HIS EVENTUAL GOAL WAS THAT I WOULD BE UNABLE TO CONTINUE THIS FUNDING AND THAT WE WOULD NEVER FIND AN ANSWER. IN 2008, WE HAD RECORD REVENUES AND RECORD PROFITS. BUT THERE WAS ALMOST ONE MILLION DOLLARS MISSING FROM THE CASH. AND FOR THE PAST FIVE YEARS, DESPITE MY REPEATED REQUESTS TO LAMB AS THE ACCOUNTANT TO RECONCILE THE CASH FLOW, HE DID ABSOLUTELY NO WORK. INSTEAD, HE DEVELOPED A STORY THAT HE COULD PRESENT TO BURGER KING. THE ONE NOTABLE ASPECT OF THIS ENTIRE AFFAIR IS THAT BURGER KING HAS REFUSED TO COMMUNICATE WITH ME, HAS FREELY COMMUNICATED WITH THE SHAREHOLDERS, WITH WHOM THEY HAVE NO PRIOR HISTORY, AND EVEN RECOMMENDED A FRANCHISEE, A FORMER COMPANY EMPLOYEE, AS A VEHICLE TO GET APPROVED. I HAVE BEEN FORCED TO ISSUE A SUBPOENA TO BURGER KING TO DISCOVER ITS DEALINGS WITH THE SHAREHOLDERS AND WITH OTHER INTERESTED PARTIES WHO SUDDENLY WITHDREW. BURGER KING HAS MOVED TO QUASH THIS SUBPOENA, AND I HAVE FILED A RESPONSE. THE ANTICIPATED HEARING DATE IS MARCH 29 OR 30.

I HAVE ATACHED A NOTICE OF APPEAL ON A RELEVANT ASPECT OF THIS CASE. MY ORIGNAL APPEAL CHALLENGED THE AUTHORITY OF THE TRUSTEE, BRIAN THOMAS, TO EXECUTE DOCUMENTS. THIS WAS BASED ON THE EXISTENCE OF AN IRREVOCABLE TRUST. IT ALSO WAS BASED ON THE BAD FAITH SHOWN BY THE SHAREHOLDERS AND BY BURGER KING CORPORATION.

THE REFERENCED NOTICE OF APPEAL WAS FILED TO CHALLENGE THE ORDER APPROVED BY JUDGE BURNS GRANTING THE TRUSTEE'S MOTION TO DETERMINE THE ASSIGNMENTS OF THE MORTGAGES TO BE VOID. IT HAD BEEN MY OPINION THAT THIS MOTION WAS PREMATURE PENDING THE OUTCOME OF THE ORIGINAL APPEAL. AS IN THE ORGINAL APPEAL. RULE 9072-1 WOULD HAVE IMPOSED AN AUTOMATIC STAY WHEN THE SUBJECT IS REAL PROPERTY

TO:      JUDGE JOSEPH IRENAS

FROM:   DANIEL F. FLYNN

DATE:    MARCH 10, 2010

RE:      FLYNN APPEAL

I HAVE A CREDITORS MEETING TOMORROW WITH THE TRUSTEE. I HAVE
ATTACHED AN E-MAIL I RECEIVED FROM HIS ATTORNEY THIS MORNING.
THE TRUSTEE HAS THE ATTORNEY MAKE ALL THE STATEMENTS ON HIS
BEHALF.

AS YOU CAN SEE, THEY ARE NOT WILLING TO ADMIT ANY ERROR ON
THEIR PART. DESPITE THE NOTICE OF SALE REQUIRING THE BUYER TO
PAY THE LISTED DEBTS, THEY ARE GIVING THEM A PASS NOW, SAYING
THAT THE BORROWERS HAVE TO PETITION THE COURT.

THE RESULT IS THAT THE ACTUAL PRICE THEY PAID IS SIGNIFICANTLY
LOWER THAN THE NOTICE OF SALE'S PRICE OF $6,321,000.00. THEY ARE
DELIBERATELY TRYING TO CONCEAL THIS BY THE  SMOKE AND MIRRORS
THEY USE TO OBSCURE THE FACTS, JUST AS LAMB USED THE SMOKE AND
MIRRORS TO OBSCURE THE ACCOUNTING ISSUES.

THE TRUSTEE'S JOB IS TO MANAGE MY ESTATE. GIVING THE $50,000.00 IN
COKE MONEY TO THE BUYERS IS NOT MANAGING MY ESTATE NOR IS HIS
REFUSAL TO DO AN ACCOUNTING FOR THE SETTLEMENT THAT IS
CLEARLY SPELLED OUT IN THE NOTICE OF SALE, THAT WOULD PROVIDE
SUBSTANTIAL ADDITIONAL FUNDS FOR MY ESTATE. INSTEAD HE IS
WORRYING ABOUT MY CARS, WHICH I WAS STUPID TO OWN DEBT FREE,
AND HE IS HARRASSING ME, AS IS CLEAR IN THE ATTACHED E-MAIL
ABOUT A LOT IN FLORIDA.

I CAME TO BANKRUPTCY COURT WITH THE UNDERSTANDING ITS TASK
WAS TO REPRESENT THE DEBTOR AND THE CREDITORS. IT DEFINITELY
HAS NOT REPREESENTED THE DEBTOR; IT HAS SAT BY WHILE I WAS
RAPED OF ALL MY ASSETS. I RECEIVED NOTHING FROM A BUSINESS THAT
LAST YEAR WAS WORTH OVER $8 MILLION, WITH THE COURT'S CONSENT.

AND NOW I AM NOT EVEN RECEIVING THE PAYMENTS I WAS TO RECEIVE.
THE U. S. TRUSTEE DOES NOT WANT TO GET INVOLVED. EVERY ONE
PASSES THE BUCK. THEY APPOINT A TRUSTEE FROM THE AREA, AND
THERE IS ONLY ONE CANDIDATE. THEN HE HIRES AN ATTORNEY A
HUNDRED MILES AWAY AND THAT IS THE PERSON I DEAL WITH.

TO:      JUDGE JOSEPH IRENAS

FROM:   DANIEL F. FLYNN

DATE:   MARCH 7, 2010

RE:      FLYNN APPEAL


I HOPE THIS IS MY FINAL MESSAGE TO YOU. THE INFORMATION KEPT
COMING IN REGARDING THIS "PURPORTED" SETTLEMENT, AND IT BECAME
INCREASINGLY BIZARRE. WHAT OCCURRED IN NO WAY RESEMBLED A
SETTLEMENT. IT WAS A FARCE SO THAT THE SHAREHOLDERS COULD
MINIMIZE THE CASH OUTLAY. THEY NEVER INTENDED TO HONOR THE
CONSENT ORDER. ONCE THE TRUSTEE GAVE THEM THE CONTROL OF THE
BUSINESS. AND, UNFORTUNATELY, THE TRUSTEE APPARENTLY GAVE
THEM AUTHORITY OVER THE SETTLEMENT, BELIEVING THEM TO BE
HONORABLE PEOPLE. THIS IS DESPITE READING ALL OF THE
INFORMATION I HAD SUPPLIED TO THE CONTRARY.

MR. LESNIK'S ONE COMMENT WAS THAT HE UNDERSTOOD THAT THERE
WAS AN ISSUE WITH THE MONEY, BUT HE SEEMED TO CONSIDER IT A
VAGUE, PERIPHERAL ISSUE. IT IS THE HEART OF THIS CASE. A SUCCESSFUL
BUSINESS FINDS ITSELF WITH NO LIQUIDITY, YET THE BOOKKEEPING
RECORDS SHOW SUBSTANTIAL LIQUIDITY. THE ACCOUNTANT, WHO IS A
"TRUSTED" CONFIDANT AND IS THE GATEKEEPER FOR THE ACCOUNTING
PRODUCTS, REFUSES TO PRODUCE THEM. INSTEAD, HE SOLICITS THE
SHAREHOLDERS WITH VAGUE ALLEGATIONS.

THE GOAL OF ACCOUNTING IS TRANSPARENCY, A CLEAR RENDITION OF
THE FINANCIAL CONDITION OF THE CLIENT. THAT HAS NOT BEEN THE
CASE FOR YEARS. AND IT HAS BECOME INCREASINGLY OBSCURE THE
GREATER THE DEMAND FOR CLARITY. I TRY TO PRODUCE ANSWERS, THE
SHAREHOLDERS ACT TO OBSCURE FACTS. THE COURT CASE IS A POINT.
THEIR ONLY STATEMENT WAS ALLEGING "MISMANAGEMENT" WITH NO
FACTUAL SUBSTANCE. THEIR CONTRIBUTION WAS TO PROVIDE
MISLEADING INFORMATION TO THE TRUSTEE REPRESENTING LEGITIMATE
EXPENSES AS PERSONAL EXPENSES. THE HAVE FILED A CLAIM WITH THE
CONTENT "TO BE DETERMINED." THEY HAVE SUBPOENAED EVERY
DOCUMENT THEY COULD THINK OF, ONLY TO FIND NOTHING WAS THERE.

THE SETTLEMENT WAS A CLASSIC CASE OF OBSCURING THE ACT BY
ASSEMBLING MISCELLANEOUS DATA AND REPRESENTING IT AS A
COHESIVE SETTLEMENT PACKAGE. THEY DID THE SAME THING WITH THE
AGREEMENT OF SALE. IT APPEARS COHERENT, BUT IN FACT IT IS
CONTRADICTORY

TO:       JUDGE JOSEPH IRENAS

FROM:   DANIEL F. FLYNN

DATE:    MARCH 7, 2010

RE:       FLYNN APPEAL


DEAR JUDGE IRENAS:

I AM FORWARDING MY TWO FINAL DOCUMENTS REGARDING MY MOTION
FOR SANCTIONS AGAINST THE SHAREHOLDERS AND ERIC SALISBURY AND
MY MOTION THAT THE UNITED STATES TRUSTEE ASSIST THE TRUSTEE IN
ACQUIRING THE COMPLETE RESULTS OF THE PURPORTED SETTLEMENT.
THESE ARE SUPPLEMENTS TO THE CERTIFICATIONS I HAD PROVIDED WITH
THE MOTIONS. BOTH HAVE THE SAME ATTACHMENTS.

I UNDERSTAND THAT THE UNITED STATES TRUSTEE IS PLANNING TO FILE
AN OPPOSITION TO MY MOTION REGARDING HIS OFFICE. I FIND THIS
CONFUSING. WHO DOES THE TRUSTEE ANSWER TO; I WAS ADVISED HE IS
APPOINTED BY THE UNITED STATES TRUSTEE. THE JUDGE IN THIS COURT
IS REMOVED FROM ANY COMMUNICATION; SHE CAN ONLY REVIEW
SUBMISSIONS BY ATTORNEYS OR MOTIONS BY MYSELF. BUT AS IN HER
RULING ON THE FEE SUBMISSION BY SUBRANNI, OSTROVE AND ZAUBER,
IT IS FORMULAIC. IF YOU SAY YOU BILLED FOR THESE MANY HOURS,
THAT IS ACCEPTED WITHOUT QUALIFICATION. IT DOESN'T MATTER IF
YOU ACCOMPLISHED NOTHING, IF YOU OPPOSED EVERY POSITIVE
POSITION I OFFERED, AND THEN IGNORED IT WHEN I WAS PROVEN RIGHT.
IN SPECIFIC, I REFER TO THE APA OFFERED BY THE SHAREHOLDERS, THE
OBVIOUS BAD FAITH ON THE PART OF BURGER KING, TO THE POINT THAT
IT CONCEALED ITS NEGOTIATIONS WITH THE SHAREHOLDERS, AND
FINALLY, TO THE THEFT OF THE EQUITY IN THE BUSINESS, UNDER THE
VERY NOSE OF THE COURT.

IN REFERENCE TO THE SHAREHOLDERS AND ERIC SALISBURY, IT ONLY
BECOMES INCREASINGLY OBVIOUS AS MORE DETAILS COME FORTH
THEIR LACK OF INTEGRITY REGARDING THE "PURPORTED" SETTLEMENT. I
HAVE EMPHASIZED THEIR CASUAL DISREGARD FOR THE TRUTH IN THIS
SUPPLEMENT. UNFORTUNATELY, THE FAILURE OF THE TRUSTEE TO
SUPERVISE THE SETTLEMENT CONTRIBUTED TO THEIR "FOX IN THE HEN
HOUSE" APPROACH. JUST AS LAMB CONTRIBUTED TO THE INABILITY TO
UNDERSTAND OUR FINANCIAL HISTORY, SO HE CONTRIBUTED TO
CREATING A SETTLEMENT SHEET THAT SHOWS YOU NOTHING IN
ATTEMPTING TO UNDERSTAND THE NATURE OF THE TRANSACTION. THE
TERM "SETTLEMENT SHEET" IS A MISNOMER. THERE IS NO TRANSACTION

TO "SETTLE."  RATHER IT IS JUST A PARTIAL LIST OF CERTAIN
OBLIGATIONS, PRINCIPALLY THIRD PARTY OBLIGATIONS THAT HAD TO BE
PAID. BUT THERE WERE MANY MORE, WHETHER IT WAS WITHHOLDING
TAX DUE TO THE STATE OF NEW JERSEY OR FIXED, DELINQUENT
PAYABLES. THERE IS NO REFERENCE TO THE DISC, WHICH WAS THEIR
HOLY GRAIL PRIOR TO SETTLEMENT. THAT IS BECAUSE THAT IS THE ONLY
DOCUMENTATION THAT EXISTED REGARDING THE LIABILITIES. BUT ONCE
THE SETTLEMENT WAS SCHEDULED BY THE TRUSTEE, THE QUESTION OF
THE DISC DISAPPEARED. I HAVE CONFIRMED THAT MANY OF THE DEBTS
LISTED ON THE NOTICE OF SALE HAVE NOT BEEN PAID, A BLATANT
VIOLATION OF THE CONSENT ORDER

I FIND IT DISCONCERTING THAT THE ISSUE OF MY TRUST WAS JUST
IGNORED. I HAVE FILED AN APPEAL WITH THE DISTRICT COURT IN APPEAL
OF THE COURT'S GRANTING THE TRUSTEE'S MOTION TO VOID THE
ASSIGNMENTS TO THE TRUST. THE ASSETS ARE STILL IN MY ESTATE
WHILE THE TRUSTEE'S ARGUMENT WAS THAT THEY WERE REMOVED
FROM MY ESTATE. THE QUESTION OF WHETHER THE RESIGNATION OF THE
TRUSTEE FROM THIS TRUST TRANSFERRED THE ASSETS TO THE
IRREVOCABLE TRUST, THE SAME AS THE DEATH OF THE TRUSTEE,
REMAINS UNANSWERED. FLORIDA LAW STATES THAT TRUSTS FORMED
BEFORE 2007 CANNOT BE REVOKED. THIS IS ANOTHER UNASWERED LEGAL
ISSUE. I HAVE ALSO CONTESTED THE TRUSTEE'S SIGNING OF DISCHARGES
FOR THE ORIGINAL MORTGAGES. MY APPEAL WAS FILED ON THE FIFTH
AND THE DISCHARGES WERE SIGNED ON THE SIXTH. THE TRUSTEE'S
COUNTER WAS THAT YOU SHOULD HAVE ASKED FOR A STAY. BUT THE
COURT RULES STATE THAT AN AUTOMATIC STAY IS IMPOSED WHEN THE
APPEAL INVOLVES REAL PROPERTY.

IT APPEARS THAT THE BANKRUPTCY COURT'S ONLY CONCERN IS
GETTING THIS OFF OF THEIR PLATE. AS LONG AS BURGER KING IS ON
BOARD, THEY SEE NO ISSUE IN IGNORING LEGITIMATE CONCERNS THAT
ARE  FOUNDED IN LAW AND IN EQUITY. MY POSITION IS THAT I WILL
CONTEST THIS TO THE DAY I DIE BECAUSE I KNOW I AM RIGHT. I NEVER
TOOK ADVANTAGE OF THE SHAREHOLDERS. TO THE CONTRARY, I LET
THE BUSINESS CONSUME MY LIFE AS I SEARCHED FOR AN ANSWER TO
THE FINANCIAL ENGIMA. MY KEY MISTAKE WAS LOOKING TO MY
ACCOUNTANT, FRANCIS J. LAMB, FOR GUIDANCE AND ASSISTANCE.
WHILE FEIGNING THAT THIS WAS HIS INTENT, HE ENGAGED ON A
DUPLITIOUS, BELOW BOARDS, COVERT ASSASINGATION OF MY
CHARACTER, ALLEGING VARIOUS FACTS THAT WERE TOTALLY
UNSUPPORTED BY FACT. THE OBVIOUS COUNTER IS THAT I SUPPRTED THE
BUSINESS WITH MY OWN PERSONAL ASSETS. I PLAN TO REVIST THE
POSITION OF THE NEW JERSEY BOARD OF ACCOUNTANTCY. WHILE MY
CASE WAS BASED ON EMPIRICAL DATA, IT IS MY BELIEF THAT LAMB'S

REBUTTAL CONSISTED OF THE USUAL BUCKET OF TRANSACTIONAL DATA THAT IS MISREPRESENTED IN CONTEXT.

I REALIZE THAT MY CAREER WITH BURGER KING IS OVER. FOR REASONS UNKNOWN TO ME, BURGER KING REFUSES TO ACKNOWLEDGE WHAT CAUSED THEM TO DISASSOCIATE FROM ME, AFTER TWENTY YEARS OF POSITIVE INTERACTION AND IT REFUSES TO DIVULGE THE NATURE OF THEIR COMMUNICATIONS WITH THE SHAREHOLDERS, ERIC SALISBURY AND THIRD PARTY APPROVED BURGER KING OPERATORS. WITH THESE THIRD PARTY OPERATORS,  BOTH I AND THE SHAREHOLDERS WOULD HAVE SHARED IN THE EQUITY, AN OUTCOME WHICH BURGER KING SHOULD HAVE FOSTERED. BUT BURGER KING WENT TO GREAT ENDS TO FURTHER THE SHAREHOLDERS ATTEMPT; I AM SURE THE ISSUE OF TORTUOUS INTEFERENCE IS ONE THAT BURGER KING DOES NOT WANT EXPLORED AND THAT IS WHY THEY HAVE FILED A MOTION TO QUASH THE COURT'S SUBPOENA, A MOTION WHICH I PLAN TO OPPOSE.

TO:      JUDGE JOSEPH IRENAS

FROM:    DANIEL F. FLYNN

DATE:    FEBRUARY 24, 2010

RE:      FLYNN APPEAL

DEAR JUDGE IRENAS:

I HAVE ENCLOSED A MOTION I HAVE FILED SEEKING SANCTIONS AGAINST THE SHAREHOLDERS. AS YOU CAN SEE, IT APPEARS THAT THERE WAS NO ACTUAL SETTLEMENT. I BELIEVE THAT THE TRUSTEE, BRIAN THOMAS, WHO WAS APPOINTED IN DECEMBER, LOOKED TO THE BUYERS ATTORNEYS, CARLUCCI AND STANGER, FOR THE STATUS OF THE AGREEMENT OF SALE. THEY MISREPRESENTED THIS AS A TAKEOVER OF LIABILITIES AND IGNORED THE NOTICE OF SALE AND THE AGREEMENT OF SALE. AS A RESULT, IT IS PROBABLE THAT MY ESTATE WAS DEPRIVED OF AT LEAST $100,000.00 IN FUNDS. IN ADDITION, THE BUYERS PAID NONE OR LITTLE OF THE DEBT THEY WERE OBLIGATED TO PAY. I DO NOT BELIEVE THERE IS AN APPROPRIATE HUD SETTLEMENT SHEET OR THAT THERE WAS ANY ACTUAL ACCOUNTING DONE AT THE SETTLEMENT.

IN ADDITION, IN THE MATTER OF THE COKE ROF PAYMENT AND THE RSI PATRONAGE DIVIDEND, THE SHAREHOLDERS IMMEDIATELY APPLIED TO THESE TWO PARTIES FOR PAYMENT TO THEMSELVES. THESE PAYMENTS WERE FOR 2009 ACTIVITIES AND THE BUYERS HAD NO ENTITLEMENT TO THEM. IT HAD BEEN THE ESTABLISHED PRACITCE, UPON THE SALE OF A FRANCHISE, THAT THE FUNDS WERE PAID TO THE OWNER AS OF THE SETTLEMENT DATE. I ATTACH MY MEMO TO THE TRUSTEE AND HIS ATTORNEY DETAILING THIS. WHEN I REQUESTD AN UPDATE, I FOUND THAT THE TRUSTEE HAD PAID THE COKE FUNDS, APPROXIMATELY $50,000.00, TO THE BUYERS. THESE FUNDS WOULDNOT HAVE BEEN PAID TO THE BUYERS WITHOUT THE TRUSTEE'S CONSENT. THE ANSWER I ALWAYS GET IS THAT THE TRUSTEE WILL DO WHAT IS APPROPRIATE IT. WHEN I INQUIRED ABOUT THE SETTLEMENT DOCUMENTS, I WAS TOLD THE SAME THING. I WAS GIVEN NOTHING. AND IT IS ONLY THRUGH INQUIRY THAT I FOUND THAT MANY OF THE DELINQUENT CREDITORS WERE NOT PAID.

I WILL BE FILING A MOTION FOR SANCTIONS AGAINST DOUG STANGER FOR HIS ACTION IN HAVING A MORTGAGE DISCHARGED BY THE ATLANTIC COUNTY CLERK ON HIS OWN AUTHORITY. A HEARING WAS HELD ON FEBRUARY 22ND REGARDING THESE MORTGAGES. I FOUND OUT

SUBSEQUENTLY THAT THEY WERE DISCHARGED IN JANUARY AT MR. STANGER'S DIRECTION.

I ALSO WILL BE FILING AN APPEAL OF THE RULING ON MONDAY THAT APPROVED DISCHARGING THESE MORTGAGES. I HAD FILED A MOTION IN OOPOSITION OR SEEKING A STAY UNTIL MY ORIGINAL APPEAL WAS JUDGED. I HAD SENT THIS TO YOU. THE TRUSTEE'S MOTION WAS DECIDED ON NARROW GROUNDS AND IGNORED THE FACT THAT THE MORTAGES WERE STILL IN MY ESTATE AND THAT THE MORTGAGES WERE SUBJECT TO THE LAWS OF FLORIDA REGARDING TRUSTS. THIS DISPOSITON WAS JUST A CONVENIENT WAY TO SKIRT THE SUBSTANTIVE ISSUES.

TO:      JUDGE JOSEPH IRENAS

FROM:   DANIEL F. FLYNN

DATE:    FEBRUARY 17, 2010

RE:      FLYNN APPEAL

DEAR JUDGE IRENAS:

I HAVE ENCLOSED A MOTION I FILED YESTERDAY. I HAVE BECOME AWARE THAT THERE HAS BEEN NO ACCOUNTING FORTHCOMING REGARDING THE PURPORTED SETTLEMENT. I BELIEVE THE SHAREHOLDERS ATTORNEYS ARE ABUSING THE COURTESY EXTENDED TO THEM BY THE TRUSTEE.

I HAVE CONFIRMED THAT NUMEROUS PAYABLES HAVE NOT RECEIVED PAYMENT SO I HAVE TO ASSUME ONLY THE CREDITORS NECESSARY TO THE OPERATION OF THE BUSINESS WERE PAID. JOHN LEON DID NOT MONITOR THE SETTLEMENT AND THE TRUSTEE'S ATTORNEY ONLY CAME ON THE SCENE AT THE LAST MINUTE. IT IS TYPICAL OF THE SHAREHOLDERS SENSE OF ENTITLEMENT THAT THEY WOULD WILLFULLY IGNORE THE CONSENT ORDER.

I ALSO HAVE ENCLOSED A LETTER I SENT TO THE PRESIDENT OF BURGER KING WITH A COPY OF THE APPEAL. AS YOU CAN SEE, I AM BEEN BAFFLED BY BURGER KING'S REFUSAL TO OPEN ANY DIALOGUE WITH ME. I CAN ONLY ASSUME THAT LAMB AND KLAUSE APPROACHED THEM WITH A STORY WHICH MALIGNED ME WITHOUT ANY FACTUAL SUPPORT, JUST AS LAMB HAS FED THIS FICTION TO THE SHAREHOLDERS TO DISGUISE HIS FAILURE TO PROVIDE ANY ACOCOUNTING SERVICES TO THE BUSINESS.

THE ATTORNEYS I HAVE DEALT WITH, TOM EARP OF EARP COHN AND JACK PLACKTER OF FOX ROTHSCHILD, HAVE REMARKED ON THE DYSFUNCTIONAL CHARACTER OF THE SHAREHOLDERS AND HOW THEIR ACTIONS WERE DESTRUCTIVE TOWARDS THE BUSINESS. BUT IN THEIR PERVERSE LOGIC, THIS WAS A STRATEGY BUT THEY HAD TO DESTROY MY EQUITY IN THE BUSINESS TO MAKE IT WORK. BUT THEIR ASSUMPTION IS THAT THE BUSINESS WILL OPERATE DIFFERENTLY UNDER THEIR CONTROL. THEY HAVE PUT THE MANAGEMENT UNDER THE CONTROL OF A STRANGER, MR. SALISBURY, SOLEY TO ACCOMPLISH THEIR GOAL. THEY HAVE WILLFULLY VIOLATED THE LIMITED LICENSE AGREEMENT, WITH THE CONSENT OF BURGER KING, DESPITE THE FACT THAT THE LIMITED LICENSE AGREEMENT IS INCORPORATED INTO THE CONSENT AGREEMENT, AND BURGER KING HAS VIOLATED THE CONSENT ORDER BY MODIFYING

THE LIMITED LICENSE AGREEMENT WITHOUT DISCLOSING IT. I SPOKE TO ONE OF THE LARGER PAYABLES, FOX ROTHSCHILD. THE FIRM HAS NOT BEEN PAID; THE SHAREHOLDERS ARE USING A STALLING TACTIC BY STATING THEY ARE "REVIEWING THE BILLS." THESE BILLS WERE FROM 2008 AND HAVE BEEN A MATTER OF RECORD. THE 2009 BILLS WERE GENERATED BY MR. KLAUSE ON HIS OWN INITIATIVE.

I CANNOT UNDERSTAND WHY I HAVE BEEN INVISIBLE THROUGH OUT THIS PROCESS. IT IS AS THOUGH THE COURT OPERATED ON ASSSUMPTIONS AND CHOSE NOT TO INQUIRE OR TO INVESTIGATE ANY OAF THE GLARING INCONSISTENCIES. IN PARTICULAR, THE U. S. TRUSTEE WAS DISMISSIVE AND REFUSED EVEN TO READ ANY MATERIAL RELATIVE TO THE MATTER. I HAD TREATED THE ACCOUNTING ISSUE AS AN EMPIRICAL MATTER AND MY DOCUMENTATION CONSISTED OF ACTUAL WORK PRODUCED BY LAMB. THE FAILURE TO CONFORM TO GAAP WAS OBVIOUS. AND HIS FAILURE TO EVEN TREAT THE TWO COMPANIES, D. F. FLYNN ENTERPRISES, INC. AND D. F. FLYNN, INC, WHICH WERE CENTRAL TO THE BUSINESS OPERATION, AS LEGITIMATE BUSINESS ENTITIES, WAS A GLARING INDICTMENT. HE NEVER UPDATED THE BALANCE SHEETS FOR ENTERPRISES, DESPITE HAVING CINDY LLOYD MAKE MULTIPLE "ADJUSTING ENTRIES," AND HE NEVER SET UP D. F. FLYNN, INC ON QUICKBOOKS, SO THAT THE MILLIONS OF DOLLARS THAT FLOWED THROUGH THE ACCOUNT EACH YEAR WERE NEVER EVEN RECONCILED. LAMB USED A GUESTIMATE IN CLOSING THE BOOKS.

TO:      JUDGE JOSEPH IRENAS

FROM:   DANIEL F. FLYNN

DATE:    FEBRUARY 12, 2010

RE:      COURTESY COPIES


DEAR JUDGE IRENAS:

I HAVE ENCLOSED COURTESY COPIES AS THE NOTICE DIRECTED. I HAVE ATTACHED ALSO COPIES OF TWO MOTIONS TO THE BANKRUPTCY COURT THAT WERE SUBMITTED AS OPPOSITION MOTIONS YESTERDAY.

BOTH ARE RELATED TO THE SHAREHOLDERS AND THE VALIDITY OF THE CLOSING.

I HAVE NOT RECEIVED ANY INFORMATION REGARDING THE PURPORTED CLOSING ITSELF. DOES THE TRUSTEE HAVE THE DUTY TO INFORM ME. I DON'T EVEN KNOW THE AMOUNT PAID TO HIM; I AM CONCERNED THAT THE SHAREHOLDERS HIJACKED THE SETTLEMENT ALSO. I DON'T KNOW IF THEY PAID THE PURCHASE PRICE IN THE NOTICE OF SALE OR PAID A LESSER AMOUNT BY JUST LISTING THE DEBTS AS PAYABLES. THIS WOULD HAVE DEPRIVED MY ESTATE OF A SUBSTANTIAL AMOUNT OF MONEY AND WOULD HAVE NOT BEEN IN CONFORMITY WITH THE NOTICE OF SALE'S SCHEDULES, WHICH WERE PREPARED BY THE SHAREHOLDERS. THE NOTICE ITSELF IS DELIBERATELY VAGUE; MAUREEN STEADY ALLOWED THE SHAREHOLDERS TO WRITE IT. I OBJECTED TO ITS FORM; I WANTED THE PRICE TO BE STATED ON THE NOTICE ITSELF BUT JOHN LEON IGNORED THIS.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

DANIEL F. FLYNN
313 GULL ROAD
OCEAN CITY, NJ 08226
DEBTOR

IN RE:                          CASE NO:  09-20417 (GMB)

                                JUDGE:     GLORIA M. BURNS

DANIEL F. FLYNN                 NOTICE OF APPEAL TO THE U. S COURT
                                OF APPEALS FOR THE THIRD CIRCUIT

     DEBTOR

NOTICE IS HEREBY GIVEN THAT DANIEL F. FLYNN APPEALS TO THE
UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT THE ORDER
DATED FEBRUARY 22, 2010 GRANTING THE TRUSTEE'S MOTION TO
DETERMINE THE ASSIGNMENTS OF THE MORTGAGES TO BE VOID.

DATED:  FEBRUARY 25, 2010       _____
                                APPELLANT

                                313 GULL ROAD

                                OCEAN CITY, NJ 08226

                                609-398-1648

                                609-335-2457 (CELL)

APPELLANT FILED AN APPEAL JANUARY 5, 2010 IN RESPECT TO THE AUTHORITY OF BRIAN S. THOMAS, THE CHAPTER 7 TRUSTEE OF DANIEL F. FLYNN (DEBTOR) TO EXECUTE CORPORATE AND OTHER DOCUMENTS. BROAN S.THOMAS EXECUTED THESE DOCUMENTS DESPITE THIS APPEAL. THE DEBTOR FILED A MOTION IN OPPOSITION TO THE SUBSEQUENT MOTION BY THE TRUSTEE TO VOID THE MORTAGE ASSIGNMENTS THAT WERE A MATTER OF RECORD.

THERE ARE MANY ISSUES THAT THE TRUSTEE HAS IGNORED. THE APPEAL ISSUES HAVE NOT BEEN ADDRESSED, AS TO WHETHER BRIAN S. THOMAS HAD THE AUTHORITY TO EXECUTE DOCUMENTS AND WHETHER THE SHAREHOLDERS AND BURGER KING CORPORATION ACTED IN BAD FAITH IN SUCH A WAY TO VOID THE CONSENT ORDER. THE MOTION TO VOID THE ASSIGNMENT OF THE MORTGAGES DOES NOT ADDRESS THE OWNERSHIP OF THE PROPERTY. THE DEBTOR ASSERTS THAT THEY ARE OWNED BY AN IRREVOCABLE TRUST. THE TRUSTEE SEEKS TO AVOID THIS ISSUE BY VOIDING THE ASSIGNMENTS TO THE TRUST. UNKNOWN TO ME THE TRUSTEE SIGNED FOR THE DEBTOR ON DISCHARGE PAPERS FOR THESE ORIGINAL MORTGAGES. HIS COUNTER HAS BEEN THAT I DID NOT REQUEST A STAY AND ANY APPEAL IS MOOT. THIS IGNORES THE APPEAL ISSUES AND THE BAD FAITH ISSUES AND CREATES THE POSSIBILITY OF REWARDING THE SHAREHOLDERS FOR THEIR CRIMINAL CONDUCT.

THE TRUSTEE PROVIDED ME WITH THE BANKRUPTCY CODE 20:419 IN SUPPORT OF THE MOOTNESS OF AN APPEAL OF HIS ACTIONS REGARDING THE MATTER UNDER APPEAL AT PRESENT. THIS IGNORES THE GOOD FAITH ISSUE THAT IS AT THE HEART OF THE LAW AND IT IGNORES THE AVAILABLE REMEDY IN THAT THE PROPERTY DID NOT CHANGE HANDS. THIS ALSO IGNORES LOCAL RULE 9072-1 WHICH PROVIDES THAT THERE IS AN AUTOMATIC STAY OF 14 DAYS REGARDING REAL PROPERTY AND THE ASSUMPTION OF UNEXPIRED LEASES

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY


DANIEL F. FLYNN
313 GULL ROAD
OCEAN CITY, NJ 08226
609-398-1648
DEBTOR



IN RE:                              CHAPTER 7


DANIEL F. FLYNN                     CASE NO: 09-02417 (GMB)

    DEBTOR                          JUDGE:   GLORIA M. BURNS



MOTION FOR A STAY OR OPPOSITION TO TRUSTEE'S MOTION TO
 DETERMINE THE ASSIGNMENTS OF THE MORTGAGES TO BE VOID.

IN SUPPORT OF THE RELIEF HEREIN REQUESTED, DEBTOR SHALL RELY ON
THE APPLICATION BEING FILED AND SERVED TOGETHER HEREWITH.




DATED FEBRUARY 11, 2010           _____
                                   DANIEL F. FLYNN

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY


DANIEL F. FLYNN
313 GULL ROAD
OCEAN CITY, NJ 08226
609-398-1648
DEBTOR


IN RE:

DANIEL F. FLYNN

DEBTOR

CHAPTER 7

CASE NO:  09-02417 (GMB)

JUDGE:   GLORIA M. BURNS


CERTIFICATION OF DANIEL F. FLYNN IN SUPPORT OF HIS MOTION FOR A STAY OR IN OPPOSITION TO TRUSTEE'S MOTION TO DETERMINE THE ASSIGNMENTS OF THE MORTGAGES TO BE VOID.

SAID ORDER AUTHORIZING THE COUNTY CLERK TO VOID THE ASSIGNMENT OF THE MORTGAGES IS NOT TIMELY AND IS NOT VALID. THERE ARE THREE MAJOR ASPECTS OF THIS ISSUE.

1. DANIEL F. FLYNN APPEALED THE AUTHORITY OF THE TRUSTEE TO EXECUTE CORPORATE AND OTHER BUSINESS DOCUMENTS ON JANUARY 5, 2010. UNTIL THIS MATTER IS RETURNED, THERE IS NO REQUIREMENT TO HEAR THE TRUSTEE'S MOTION. I HEREBY REQUEST THAT THE MOTION BE STAYED UNTIL SUCH TIME AS A DECISION ON THE APPEAL IS RENDERED.

2. THE SECOND ASPECT OF THIS ISSUE IS THAT BURGER KING CORPORATION ACTED IN BAD FAITH. BESIDES THE DOCUMENTATION OFFERED IN MY APPEAL, I HAVE BEEN ADVISED BY ERIC SALISBURY THAT THE CONDITION IN THE LIMITED LICENSE AGREEMENT REQUIRING THAT THE SHAREHOLDERS HAVE A MINORITY INTEREST, COLLECTIVELY, WAS IN FACT TRUE. UNKNOWN TO ME OR MY ATTORNEY. BURGER KING ALTERED ITS POSITION AND APPROVED THE STRUCTURE OF OWNERSHIP THAT WAS PRESENTED TO THE COURT. THEY ALSO HAVE ALLOWED THE SHAREHOLDERS TO PURSUE AN ACTIVE ROLE IN THE MANAGEMENT OF THE BUSINESS (ATTACHED PHOTO). THE OTHER INSTANCES OF BURGER KING ACTING IN BAD FAITH WERE DOCUMENTED

EXTENSIVELY: THESE INCLUDE NOT PURSUING ITS OBLIGATION UNDER THE PRIVATE NOTICE OF SALE, INTERFERING WITH THE GOOD FAITH EFFORTS OF THIRD PARTY BUYERS TO ENTER INTO A PURCHASE CONTRACT, INCLUDING TOM PLANTULLI, JIM NASUTI AND MIKE NOVAK, CHRISTOPHER NAWN AND BHAVESH PATEL. THESE ARE ONLY THE ONES I CAN DOCUMENT. I DO NOT KNOW IF THERE WERE OTHERS WHO EXPRESSED AN INTEREST. AND LASTLY, NOT PROVIDING THE DEBTOR WITH ACCOUNTING ASSISTANCE WHEN HE REQUESTED IT, A PROVISON INCLUDED IN THE FRANCHISE AGREEMENT, AND RESULTING IN A DEFAULT BY BURGER KING OF ITS OBLIGATIONS UNDER THE FRANCHISE AGREEMENT. THERE IS A SUBPOENA PRESENTED TO BURGER KING CORPORATION (EXHIBIT H OF THE APPEAL).

3. THE THIRD ASPECT IS THE BAD FAITH DOCUMENTED ON THE PART OF THE SHAREHOLDERS. THIS HAS BEEN REVIEWED AT LENGTH IN THE APPEAL. THE PRINCIPAL FOCUS IS ON THE ACCOUNTANT LAMB (EXHIBIT L AND THE SUPPLEMENT TO EXHIBIT L). A COLLATERAL FOCUS IS ON THE SHAREHOLDERS AND THE FACT THAT THEY ALLOWED LAMB TO PERSUADE THEM, WITHOUT ANY DOCUMENTATION, THAT THE DEBTOR WAS ACTING IN A MANNER ADVERSE TO THEIR INTERESTS. THE DEBTOR SUPPLIED VOLUMINOUS DOCUMENTATION REGARDING THE STATE OF THE ACCOUNTING AND THE CORROLATING CASH ISSUES. THIS WAS IGNORED. LAMB DID NOT PRODUCE ONE VALID FINANCIAL STATEMENT DURING THE PERIOD FROM 1999THROUGH 2007. FOR REASONS UNKNOWN TO ME, THE SHAREHOLDERS ACCEPTED THIS GROSS DERELICTION ON THE PART OF LAMB AND ALLOWED THE BUSINESS TO FAIL, FOR REASONS STILL NOT KNOWN TO ME (EXHIBIT A-THE QUICKBOOKS REPORT). I HAVE ATTACHED AN E-MAIL DATED FEBRUARY 10, 2010 TO PUT ON THE RECORD THE INFORMATION THAT I HAVE REQUESTED AND THAT HAS NEVER BEEN MADE AVAILABLE TO ME. IT IS MY BELIEF THAT MY ATTORNEY, JOHN LEON, GAVE THE TRUSTEE'S ATTORNEY VAGUE INSTRUCTIONS. BASED ON THE NOTICE OF SALE, THERE SHOULD HAVE BEEN A HUD SETTLEMENT SHEET PREPARED FOR THE CONTRACT PRICE AS EVIDENCED IN THE EXHIBIT TO THE NOTICE OF SALE, $6,271,000.00. THERE SHOULD HAVE BEEN $288,000.00 EXCROWED SUBJECT TO AN ANALYSIS OF THE PAYABLES, THERE SHOULD HAVE BEEN $34,000.00 ESCROWED AS A PAYMENT TO MICHELLE FLYNN. I DO NOT KNOW IF THE REMAINING $34,000.00 WAS PAID TO WINIFRED LAMB. MR. LAMB HAS A CONFLICT IN HIS ROLE IN GOLF COURSE HOLDINGS AND CAPE ATLANTIC. I CAN NOT CONFIRM THAT CAPE ATLANTIC HAS ACTUALLY PAID ANY RENT FOR THE PREMISES THEY ARE NOW OCCUPYING. MICHELLE FLYNN IS THE MANAGING MEMBER AND LAMB HAS CONSISTENTLY

OPERATED THIS ENTITY UPON HIS OWN WHIMS. IT IS MY BELIEF THAT THE SHAREHOLDERS PREPARED THE ASSET PURCHASE AGREEMENT AND THEN CONVERTED IT TO AN ENTITY PURCHASE, WITHOUT ANY DOCUMENTATION OTHER THAN MR. STANGER'S COMMENTS IN COURT, AS AN ILLEGAL ATTEMPT TO PORTRAY A TAXABLE TRANSACTION AS A NON TAXABLE ONE. THE LOAN ASSIGNMENT DOCUMENTS REFLECT THAT THE ENTITIES, ONCE MY INTEREST IS ACQUIRED, ARE BEING MERGED INTO THE ASSET PURCHASER, CAPE ATLANTIC, DESPITE THE FACT THAT THE OWNERSHIP INTERESTS ARE DIFFERENT. BASED ON THE REDUCED BALANCES ON THE MORTAGES AND AN ANALYSIS OF THE PAYABLES, THE ACTUAL DEBT CAN BE $200,000.00 LESS THAN THAT PORTRAYED ON THE EXHIBIT TO THE NOTICE OF SALE. THAT DIFFERENCE SHOULD BE PAID TO THE SELLERS. MY INTEREST AS A SELLER IS 55% OR 50%, RESPECTIVELY, WHICH WOULD GENERATE AN ADDITIONAL $100,000.00 FOR MY ESTATE. I DO NOT KNOW IF THE U. S. TRUSTEE MONITORED THIS TRANSACTION AND I DO NOT THINK MY TRUSTEE HAS BEEN ADVISED AS TO THE STATUS. IT IS MY CONCERN THAT LAMB DID HIS USUAL SMOKE AND MIRRORS ROUTINE AND ONLY ADDRESSED THE LIABILITES, THEREFORE AVOIDING AN ACTUAL SETTLEMENT. THIS ONLY LENDS SUPPORT TO MY POSITION THAT A SETTLEMENT DID NOT TAKE PLACE.

LASTLY, THE ISSUE OF MY IRREVOCABLE TRUST COMES UP. I HAVE BEEN ADVISED THAT MY RESIGNATION AUTOMATICALLY TRIGGERED A TRANSFER TO THE IRREVOCABLE TRUST. ALL OF THE BURGER KING ENTITIES ARE IN THIS TRUST, INCLUDING FKSK II, NOT JUST THE TWO MORTGAGES REFERENCED. THEY HAVE BEEN IN THE TRUST SINCE IT WAS CREATED IN 2005, WITH THE ADDITION OF THE NEW AFS RESTAURANTS AND HOLDINGS IN 2007. MY FLORIDA ATTORNEY REFERENCES FLORIDA STATUTE TITLE XLII, ESTATES AND TRUSTS, CHAPTER 736, FLORIDA TRUST CODE.

THIS CERTIFICATION IS BEING OFFERED IN SUPPORT OF THIS MOTION FOR A STAY OR IN OPPOSITION TO THE TRUSTEE'S MOTION TO VOID THE ASINGMENTS OF THE MORTGAGES.

DATED FEBRUARY 11, 1010

DANIEL F. FLYNN

EXHIBITS TO APPEAL DATED JANUARY 5, 2010

1. OBJECTIONS DATED DECEMBER 20, 2009
2. CLOSING SHEET PREPARED BY BUYERS. NOTE THAT THERE IS NO PURCHASE PRICE AS ON A NORMAL SETTLEMENT SHEET. PLEASE NOTE THAT THERE IS NO COMPLETED SETTLEMENT SHEET, TO MY KNOWLEDGE. PLEASE NOTE THE RELEASE FOR GOLF COURSE HOLDINGS. MY WIFE HAS NOT HEARD ANYTING ABOUT THE $34,00.00. I DOUBT SHE WOULD EXCEPT THAT I WAS AWARE OF IT
3. E-MAIL FOR JOHN LEON TO BRUCE WISOTSKY. HE HANDS OFF RESPONSIBILITY TO THE SETTLEMENT TO BRUCE WITH INCOMPLETE INSTRUCTIONS.
4. E-MAIL TO BRUCE WISOTSKY REGARDING WHETHER A CLOSING OCCURRED.
5. E-MAIL REGARDING GOLF COURSE HOLDINGS
6. A DOCUMENT FROM SUSQUEHANNA BANK CONFIRMING THAT THE SHAREHOLDERS ACQUIRED MY INTERESTS IN THE ENTITIES. THEY THEN TRANSFERRED THIS INTEREST TO CAPE ATLANTIC ENTITIES. IT DOES NOT STATE WHAT THE STATUS IS OF THEIR INTEREST IN THE ENTITIES. ARE THEY STILL IN EXISTENCE? DID THEY TRANSFER THEIR INTEREST TO CAPE ATLANTIC? THEY STATE THAT THESE TRASNFERS HAVE RECEIVED THE APPROVAL OF THE U. S. BANKRUPTCY COURT AND THAT THESE TRANSFERS HAVE RECEIVED THE APPROVAL OF BURGER KING CORPORATION. THIS IS CONFIRMATION THAT THEY HAVE TURNED AN ASSET PURCHASE INTO AN ENTITY PURCHASE TO AVOID THE TAX LIABILITY AND THEN REVERSED IT BY TRANSFERRING IT INTO THE ENTITY WHICH WAS THE PARTY TO THE ASSET PURCHASE AGREEMENT. IS THAT CONFUSING ENOUGH?
7. AN E-MAIL TO ALERT JOHN LEON TO THE DANGER OF ALLOWNG THE SHAREHOLDER'S TO DO THE ACCOUNTING
8. E-MAIL REFERENCING ACCONTING DEVIANCES.
9. "DREAMS DO COME TRUE" E-MAIL. I FAILED TO SHARE JOHN LEON'S ENTHUSIASM.
10. E-MAIL CONFIRMING THAT JOHN LEON DID NOT WANT TO "DISTURB THE JUDGE." AT THE TOP, HE MAKES A STATEMENT THAT I HAD AGREED THE DAY BEFORE NOT TO PURSUE THIS. THAT IS WHAT THEY WANTED ME TO DO, DROP IT. BUT I NEVER AGREED. THIS IS WISH FULFILMENT ON JOHN'S PART.
11. STATEMENT OF LIABILITES, WITH DIFFERENCE NOTED TO 6-30.
12. E-MAIL REGARDING WHETHER MY ATTORNEY CAN JUST REFUSE TO TAKE MY DIRECTION.
13. STATEMENT OF LIABILITIES WITH DIFFERENCE NOTED TO 6-30.
14. E-MAIL CONFIRMING THE DIFFFERENCE IN LIABILITIES.

15. E-MAIL CONFIRMING THAT JOHN LEON GAVE AUTHORITY TO DOUG STANGER TO PURSUE UNPAID COKE FUNDS-A BASIC CONFLICT OF INTEREST

16. E-MAILDOCUMENTING JOHN LEON'S IMPATIENCE THAT I WON'T ACCEPT A RESOLUTIN PREPARED BY DOUG STANGER. MY CORPORATE ATTORNEY HAD ADVISED THAT EVERYONE SIGN HE CONTRACT. INSTEAD, JOHN LEON MAKES IT INTO AN ISSUE THAT IS A WASTE OF MONEY AND AN ANNOYANCE TO THE JUDGE.

17. LETTER TO JACK SEMENTA, DETECTIVE WITH THE SOMERS POINT POLICE DEPARTMENT. MY INSURANCE CARRIER AND THE STATE POLICE SAID THAT I HAD TO INITIATE A COMPLAINT AT THE LOCAL LEVEL. COMPLANT AND LIST OF RESOURCES.

18. E-MAIL IN WHICH JOHN LEON AGAIN DISPUTES THE "ACCOUNTING ISSUE."

19. E-MAIL REGARDING AFS HOLDNGS, LLC. THIS WAS MY ACE IN THE HOLE AS FAR AS DERAILING THE SHAREHOLDERS BUT THE JUDGE IGNORED IT.

20. E-MAIL CONFIRMING MY CONCERN ABOUT THE NOTICE OF SALE. JOHN LEON'S RESPONSE IS TO PUT IT OFF TO LATER.

21. E-MAIL FROM AUGUST. JOHN LEON HAS DISCOVERED THE ABILITY TO RESPOND TO MY E-MAILS BY EDITING IN HIS COMMENTS. I FOUND THE LABAR REPORT TO BE A FATUOUS DISTRACTION WHILE THE SHAREHOLDERS ATTEMPTED TO PORTRAY IT AS A BURGER KING AUTHORIZED REPORT. HE ADOPTS BURGER KING'S STATEMENT THAT THIS AREA CAN BE NEGOTIATED. BUT THE FACT IS THAT THE REQUIREMENT IS BURGER KING'S LEVEL TWO. THIS LABAR REORT CAME OUT OF THE BLUE AND IT CAUSED WASTED NEGOTIATIONS AND COSTS FROM JULY 22 TO AUGUST 18. FINALLY, BURGER KING ACKNOWLEDGED THAT ITS STANDARD WAS A LEVEL TWO.

22. E-MAIL ADDRESSING MY EMPLOYMENT CONTRACT. THIS WAS ADDRESSED AT THE INITIAL MEETINGS IN APRIL, AS WELL AS THE PARTNERSHIP AGREEMENT AND THE FRANCHISE AGREEMENTS. AGAIN, JOHN LEON TREATS IT AS A NEW FACT "POPPING" UP. YES, IT IS A LOT OF MONEY.

23. E-MAIL REGARDING THE ASSET SALE MORPHING INTO AN ENTITY SALE. MAUREEN NEVER GOT OFF OF THIS ISSUE.

24. E-MAIL ADDRESSING THE SLOPPY STATE OF OUR BOOKKEEPING. THERE IS NO CONSISTENCY IN POSTING PAYABLES JUST AS THERE IS NO CONSISTENCY IN THE QUICK BOOKS SYSTEM. SOME COMPANIES ARE ON IT, SOME ARE NOT.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-2(c)

Larry K. Lesnik
**NORRIS, MCLAUGHLIN & MARCUS, PA**
721 Route 202-206
Bridgewater, New Jersey 08807
(908) 722-0700
Counsel to Chapter 7 Trustee

In Re:

Daniel F. Flynn,

        Debtor.

| | |
|---|---|
| Case No.: | 09-20417-GMB |
| Judge: | Gloria M. Burns |
| Chapter: | 7 |
| Hearing Date: | February 16, 2010 |

Order Filed on
2/25/201
by C___ U.S. Bankruptcy
Court ___ Jersey

## ORDER DETERMINING ASSIGNMENTS OF MORTGAGES TO BE VOID AND DIRECTING COUNTY CLERK TO CANCEL SUCH ASSIGNMENTS OF RECORD

The relief set forth on the following page, number two (2), is hereby ORDERED.

**DATED: 2/25/2010**

_____
Honorable Gloria M. Burns
United States Bankruptcy Court Judge

| Debtor: | Daniel F. Flynn |
| Case No. | 09-20417(GMB) |
| Caption of Order: | Order Determining Assignments of Mortgages to be Void and Directing County Clerk to Cancel Such Assignment of Record |

THIS MATTER having been brought before the Court on application of Brian S. Thomas ("Thomas"), chapter 7 trustee of debtor Daniel F. Flynn ("Debtor"), by and through his attorneys, Norris McLaughlin & Marcus, P.A., by way of Application for the entry of an order determining assignments of mortgages to be void and directing County Clerk to cancel such assignment of record, and notice of such application having been provided to, *inter alia*, the Debtor and the Living Trust to whom the Debtor attempted to assign property of the estate, and the Court having considered all pleadings filed and oral arguments made in support of the entry of the within order as well as all pleadings filed and arguments made in opposition thereto, and for good cause shown:

IT IS HEREBY

ORDERED that the November 18, 2009 assignment of mortgage by the Debtor to the Daniel Flynn Living Trust dated May 3, 2005 with respect to a mortgage dated December 10, 2007 on Block 1602, Lot 49 in the Township of Egg Harbor, which assignment was recorded on November 27, 2009 as Instrument No. 2009082211 is void and the Atlantic County Clerk is hereby directed to cancel such assignment as a matter of record; and it is further

ORDERED that the assignment of mortgage executed by the Debtor on November 18, 2009 to the Daniel Flynn Living Trust dated May 3, 2005 with respect to a mortgage dated December 10, 2007 for Block 429, Lot 29 in the City of Pleasantville, which assignment was recorded on November 27, 2009 as Instrument No. 2009082212 is void and the Atlantic County Clerk is hereby directed to cancel such assignment as a matter of record; and it is further

ORDERED that a copy of this Order be served on the Debtor and the aforesaid Living Trust within three (3) business days of the entry thereof.

*Approved by Judge Gloria M. Burns February 25, 2010*

012935     1610901294701